EQUITY ONE, INC. *v.* THOMAS J. SHIVERS
(AC 30600)

Beach, Robinson and Mihalakos, Js.

Argued September 17—officially released November 23, 2010

*J. Hanson Guest*, with whom was *Jeremy Baver*, for the appellant (defendant).

*David F. Borrino*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The defendant, Thomas J. Shivers, appeals from the judgment of strict foreclosure in favor of the plaintiff, Equity One, Inc., as servicer for Nomura

Home Equity Loan, Inc. On appeal, the defendant claims that the trial court improperly (1) failed to conduct an evidentiary hearing to determine if it had subject matter jurisdiction, (2) failed to dismiss the action for lack of subject matter jurisdiction and (3) rendered judgment in violation of a bankruptcy stay. Because we conclude that, under the facts of this case, the court should have conducted an evidentiary hearing to determine the issue of the plaintiff's standing, we need not reach the defendant's second and third claims. Accordingly, we reverse the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. The plaintiff filed a complaint on June 27, 2007, in which it sought to foreclose a mortgage executed on November 28, 2006, with respect to property at 27 Mountain Street in Vernon that is owned by the defendant. The complaint alleged that, because the defendant failed to make payments required by the note, the plaintiff had elected to declare the entire balance due and to foreclose on the mortgage. On July 19, 2007, the plaintiff filed a motion for default for the defendant's failure to file a responsive pleading and a motion for a judgment of strict foreclosure. On July 23, 2007, the court granted the plaintiff's motion for default. On September 24, 2007, the court rendered a judgment of foreclosure by sale, with a sale date of January 5, 2008. The sale date was extended twice: the first time it was extended to May 3, 2008, at the request of the plaintiff; the second time it was extended to May 10, 2008, at the request of the committee appointed to conduct the sale. The May 10, 2008 foreclosure sale did not go forward because the defendant filed a bankruptcy petition on May 8, 2008.

After the bankruptcy stay was lifted, the plaintiff filed a motion to reopen and to reenter the judgment on November 7, 2008. On November 21, 2008, the defendant filed an objection to the foreclosure, asserting that he

was no longer in default and contending that the plaintiff did not have standing to foreclose the mortgage. The defendant also filed a motion to compel, which requested that the court direct the plaintiff to produce the original note to prove that the plaintiff had standing to institute the foreclosure action. On November 24, 2008, the court, *Sferrazza, J.*, heard argument from the parties as to the motion to reopen and to reenter the judgment. At the conclusion of that hearing, the court rendered judgment of strict foreclosure with the law days commencing on January 12, 2009. The defendant appeals from this judgment.

On appeal, the defendant claims that the court improperly failed to conduct an evidentiary hearing to determine if it had subject matter jurisdiction when he raised the issue of the plaintiff's standing. We agree.

We begin with a brief statement of our well settled principles regarding subject matter jurisdiction. "Jurisdiction over the subject matter is the court's power to hear and decide cases of the general class to which the proceedings at issue belong." *Haigh* v. *Haigh*, 50 Conn. App. 456, 460–61, 717 A.2d 837 (1998); *Koskoff* v. *Planning & Zoning Commission*, 27 Conn. App. 443, 446, 607 A.2d 1146, cert. granted, 222 Conn. 912, 608 A.2d 695 (1992) (appeal dismissed November 10, 1992). Once the question of lack of jurisdiction of a court is raised, it "must be disposed of no matter in what form it is presented." *Carten* v. *Carten*, 153 Conn. 603, 610, 219 A.2d 711 (1966). "Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings." *Cross* v. *Hudon*, 27 Conn. App. 729, 732, 609 A.2d 1021 (1992).

"In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. . . . Nevertheless, the court must determine whether it has the power to hear the general

class [of cases] to which the proceedings in question belong. . . . Because the elements of subject matter jurisdiction are dependent upon both law and fact . . . in some cases it may be necessary to examine the facts of the case to determine if it is within a general class the court has power to hear. . . . Further, [w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citations omitted; internal quotation marks omitted.) Id., 733.

Additionally, "a party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Fleet National Bank* v. *Nazareth*, 75 Conn. App. 791, 793, 818 A.2d 69 (2003).

In the present case, the record does not reveal that the court provided the defendant with an evidentiary hearing as to the issue of the plaintiff's standing. The defendant raised the issue of the plaintiff's standing by filing an objection to the plaintiff's motion to reopen and to reenter the judgment. The defendant also moved the court to compel the plaintiff to produce the original mortgage note in order to prove that it had standing to institute the foreclosure action. Furthermore, as indicated in the transcript of the November hearing respecting the plaintiff's motion to reopen and to reenter judgment, the defendant orally raised the issue of the plaintiff's standing to the court; specifically, he contended that the plaintiff lacked standing to pursue the

foreclosure action because it *was not the holder of the note at the time that it instituted the foreclosure action.*

The court never held an evidentiary hearing to determine whether the plaintiff was the holder of the note at the time that it instituted the foreclosure action. The only hearing that the court held was in November, 2008, in response to the plaintiff's motion to reopen and to reenter judgment. At that hearing, the court primarily addressed issues relative to the reentering of the judgment of foreclosure, namely, the amount of debt and the setting of the law days. The court also concluded that the plaintiff had standing. This conclusion, however, was based on a brief colloquy between the court and the plaintiff's counsel in which the plaintiff's counsel presented an original copy of the note to the defendant and stated that he believed that the note was provided to the court at the time of the original judgment. The court did not find specifically that the plaintiff was the holder of the note at the time that it instituted the action. Because jurisdiction in this case hinges on a factual determination regarding the plaintiff's status as holder of the note when it instituted this action, we conclude that the court improperly failed to determine the pertinent facts necessary to ascertain whether jurisdiction existed. Accordingly, we remand the case for an evidentiary hearing to ascertain the plaintiff's status at the time it commenced the action so that the trial court can properly determine whether it has subject matter jurisdiction.

The judgment is reversed and the case is remanded for an evidentiary hearing consistent with this opinion.