# 418 MEADOW STREET ASSOCIATES, LLC *v.* ONE SOLUTION SERVICES, LLC
## (AC 31974)

Harper, Lavine and Alvord, Js.

Argued January 6—officially released April 5, 2011

David R. *Gronbach*, for the appellant (defendant).

*Andrew M. McPherson*, with whom, on the brief, was *William J. Kupinse, Jr.*, for the appellee (plaintiff).

*Opinion*

ALVORD, J. The defendant, One Solution Services, LLC, appeals from the trial court's January 22, 2010 judgment denying its motion to open the default judgment rendered against the defendant, claiming, inter alia, that the court improperly failed to address standing and to determine if it had subject matter jurisdiction. Although we generally defer to the trial court's discretion in matters of docket management and judicial economy, the unique procedural circumstances and jurisdictional issue presented in this case compel otherwise. Accordingly, we reverse the judgment of the trial court denying the motion to open the judgment and remand the case for further proceedings.

The relevant facts and procedural history are as follows. Barbara Levine and Steven Levine were the original owners of the plaintiff, 418 Meadow Street Associates, LLC, until Steven Levine sold his 50 percent interest to Michael Weinshel and Mark Wynnick, making them joint owners with Barbara Levine. Thus, Weinshel and Wynnick collectively own 50 percent of the company and Barbara Levine owns the remaining 50 percent.

On September 3, 2008, Weinshel and Wynnick brought this action on behalf of the plaintiff to recover damages from the defendant for breach of their lease agreement. On February 26, 2009, the defendant answered the complaint, denying that it breached the

agreement. The defendant pleaded by way of a special defense that the plaintiff brought the action without the proper authority of the plaintiff's members, and, therefore, it lacked standing to maintain the action.[1] The plaintiff generally denied all of the special defenses without responding directly to the issue of standing.

Both parties filed pretrial memoranda during September, 2009. Therein, the defendant, once more, claimed that the plaintiff lacked standing to maintain this action. See footnote 1 of this opinion. The plaintiff, again, did not respond to the standing issue but argued breach of the lease agreement.

On November 3, 2009, the defendant's attorney moved to withdraw his appearance citing a breakdown in communications, unreasonable financial burden and professional considerations. Pursuant to Practice Book § 3-10, he notified the defendant of his motion to withdraw his appearance. Service of the motion was made on the defendant on November 14, 2009. Permission to withdraw was granted by the court on November 18, 2009.

Two weeks later, on the scheduled trial date, December 2, 2009, Steven Levine addressed the court, identifying himself as "one of the [defendant's] managing

---

[1] The defendant's standing defense rests on the fact that Weinshel and Wynnick were not given permission to bring the action from co-owner Barbara Levine, and, in fact, she expressly disapproved of the legal action. The plaintiff's operating agreement, and our statutes, both require that any action taken on behalf of the plaintiff as a limited liability company must be supported by a vote of the majority in interest of its members. See General Statutes § 34-187 (a).

General Statutes § 34-187 (b), however, introduces an exception to that rule, providing that a member may be excluded from the vote if that member "has an interest in the outcome of the suit that is adverse to the interest of the limited liability company . . . ." Weinshel and Wynnick filed a general denial to the special defenses but never directly pleaded this statutory exception.

members." He explained that he had attempted diligently to find a new attorney to no avail and requested a two week continuance to retain counsel.[2] Steven Levine directed the court's attention to the standing defense, stating, "Judge, there's standing issues on this," and "[b]ut there are standing issues . . . ." The plaintiff did not object to Steven Levine addressing the court. The court indicated that the "bottom line" was that Steven Levine arrived without counsel, he was unable to represent the defendant as a self-represented party[3] and thus, in essence, the defendant had failed to appear. The court, therefore, rendered a default judgment against the defendant and held a hearing in damages, with only the plaintiff present, that afternoon. On December 16, 2009, the court awarded the plaintiff total damages in the amount of $66,508.40.[4]

On January 8, 2010, Moynahan & Minnella, LLC, filed an appearance on the defendant's behalf, accompanied by a motion to "reopen and reargue."[5] The plaintiff did

[2] Specifically, Steven Levine stated that (1) he spoke to attorney James Welcome immediately upon the court's granting of his original counsel's motion to withdraw; (2) during the two weeks between the granting of the motion to withdraw and the trial date, Steven Levine attempted to facilitate an exchange of his file between his original counsel and Welcome; (3) it was not until December 1, 2009, the day before the trial, that Welcome rejected the defendant's case; and (4) upon suffering rejection, the defendant immediately contacted Moynahan & Minnella, LLC, in an attempt to secure representation.

[3] "The authorization to appear [self-represented] is limited to representing one's own cause, and does not permit individuals to appear [self-represented] in a representative capacity." *Expressway Associates II* v. *Friendly Ice Cream Corp. of Connecticut*, 34 Conn. App. 543, 546, 642 A.2d 62, cert. denied, 230 Conn. 915, 645 A.2d 1018 (1994).

[4] The defendant did not appeal from the underlying default judgment.

[5] The defendant's motion to open the default judgment was filed in a timely fashion pursuant to General Statutes § 52-212 (a), which provides in relevant part: "Any judgment rendered or decree passed upon a default or nonsuit in the Superior Court may be set aside, within four months following the date on which it was rendered or passed, and the case reinstated on the docket . . . upon the complaint or written motion of any party or person prejudiced thereby, showing reasonable cause, or that a good cause of action or defense in whole or in part existed at the time of the rendition of the

not file an objection to that motion. The hearing on the motion was scheduled for January 22, 2010. At the commencement of the hearing, the court refused to consider the motion to reargue because the defendant had failed to appear when it had notice that the matter was set for a firm trial date. The court allowed argument on the motion to open. Specifically, the defendant's new counsel claimed that there were defenses pending that the court should consider.

After argument, the court denied the motion to open the default judgment, referring to the abundance of litigation between the parties. It declined to open the judgment because, inter alia, (1) the parties already had been granted previous scheduling flexibility, (2) the court had "no choice" but to render a default judgment when the defendant arrived at trial without counsel, (3) the court clearly had told the defendant's original counsel, upon granting the motion to withdraw, that he was to communicate that the trial would not be continued and (4) the defendant had called his new counsel "barely the night before" and, therefore, "just really waited too long." This appeal followed.

The defendant claims that once an issue of subject matter jurisdiction was raised, the court was bound to address it. We agree. We begin by setting forth the well settled legal principles that govern this appeal. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the

judgment or the passage of the decree, and that the plaintiff or defendant was prevented by mistake, accident or other reasonable cause from prosecuting the action or making the defense."

Practice Book § 17-43 (a) employs language similar to § 52-212 (a), and they are applied interchangeably on appeal. See, e.g., *Priest* v. *Edmonds*, 295 Conn. 132, 137, 989 A.2d 588 (2010); *Langewisch* v. *New England Residential Services, Inc.*, 113 Conn. App. 290, 294, 966 A.2d 318 (2009).

issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal." (Internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532–33, 911 A.2d 712 (2006).

"Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented. . . . Whenever a court finds that it has no jurisdiction, it must dismiss the case, without regard to previous rulings. . . . In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. . . . Nevertheless, the court must determine whether it has the power to hear the general class [of cases] to which the proceedings in question belong. . . . Because the elements of subject matter jurisdiction are dependent upon both law and fact . . . in some cases it may be necessary to examine the facts of the case to determine if it is within a general class the court has power to hear. . . . Further, [w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citations omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 125 Conn. App. 201, 204–205, 9 A.3d 379 (2010).

"Additionally, a party must have standing to assert a claim in order for the court to have subject matter jurisdiction over the claim. . . . Standing is the legal right to set judicial machinery in motion. One cannot

rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Id., 205. When the defendant raised standing, the burden rested with "the party who seeks the exercise of jurisdiction in his favor . . . clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute." (Internal quotation marks omitted.) *Assn. Resources, Inc.* v. *Wall,* 298 Conn. 145, 164, 2 A.3d 873 (2010).

In the present case, the court had been apprised of a subject matter jurisdiction issue multiple times during the pendency of the matter.[6] Prior to the hearing on the motion to open, the defendant brought the standing defense to the attention of the court by (1) pleading it as a special defense and (2) claiming it as an issue in its pretrial memorandum. Then, at the argument on the motion to open the default judgment, the defendant's counsel again noted that there was a compelling reason to open the matter because there were "defenses that should be heard . . . that were not heard." Instead of addressing the issue of subject matter jurisdiction, the court's reasoning for its denial of the motion to open rested primarily on its previous scheduling flexibility and its conclusion that the defendant did not secure new counsel in a timely fashion. The court did not acknowledge the fact that an issue of subject matter jurisdiction had been raised.

We are respectful of the need for the trial court to manage its docket and to move matters to a conclusion, as well as to ensure the presence of counsel for scheduled hearings. Our conclusion is limited to the circumstances presently before us, in which the court failed

---

[6] Generally, a motion to dismiss is the proper way to challenge the court's subject matter jurisdiction. See Practice Book § 10-31.

to acknowledge the jurisdictional issue despite the fact that it was pleaded in the defendant's special defenses, brought to the court's attention in the defendant's pretrial memoranda and then argued once more before the court that the defendant had defenses that needed to be heard. Standing in this case hinges on a determination regarding Weinshel's and Wynnick's authority to bring an action on behalf of the plaintiff. Accordingly, we remand the case for further proceedings on the motion to open the default judgment so that the trial court can properly determine whether it has subject matter jurisdiction. Because of our disposition of this claim of error, we need not address the defendant's other claims.

The denial of the defendant's motion to open the default judgment is reversed and the case is remanded for further proceedings on that motion.

In this opinion the other judges concurred.