# PARK NATIONAL BANK *v.* 3333 MAIN, LLC
## (AC 32300)

Gruendel, Alvord and Flynn, Js.

Argued February 8—officially released April 12, 2011

*James M. Nugent,* for the appellant (defendant).

*Scott D. Rosen,* for the appellee (substitute plaintiff SA Challenger, Inc.).

*Opinion*

ALVORD, J. The defendant, 3333 Main, LLC, appeals from the judgment of strict foreclosure rendered in favor of the plaintiff, Park National Bank, after the court granted the plaintiff's motion for summary judgment as to liability.[1] On appeal, the defendant[2] claims that the court improperly granted the plaintiff's motion for summary judgment because a genuine issue of material fact existed as to whether the plaintiff was the holder of the note at the time it commenced the action. Because we conclude that, under the facts of this case, the court should have conducted an evidentiary hearing to determine the issue of the plaintiff's standing, we reverse the judgment of the trial court and remand the case for further proceedings.

The pleadings, affidavits and other documentary information presented to the court reveal the following

[1] Subsequent to the court's granting of the plaintiff's motion for summary judgment, U.S. Bank, N.A., was substituted as the plaintiff. SA Challenger, Inc., was later substituted for U.S. Bank, N.A., as the plaintiff. We refer hereinafter to Park National Bank as the plaintiff for purposes of this opinion.

[2] The trial court granted the plaintiff's motion to cite in Dahill Donofrio, GF Mortgage Corp., Equity Release Corp. and Equity Release Holding Corp. as defendants, and the plaintiff filed an amended complaint. We will refer only to 3333 Main, LLC, as the defendant in this opinion.

facts. On April 27, 2007, the defendant executed a promissory note in the principal amount of $748,000 payable to GreenPoint Mortgage Funding, Inc. (GreenPoint). The note was secured by a mortgage on real property located at 3333 Main Street in Stratford.

By complaint filed October 31, 2008, the plaintiff commenced this foreclosure action alleging that the defendant defaulted on its payments beginning June 1, 2008. The defendant answered and filed a number of special defenses, including claims that the court lacked subject matter jurisdiction and that the plaintiff lacked standing.

On July 13, 2009, the plaintiff filed a motion for summary judgment as to liability, attaching an affidavit of Cindy Gruner, in which Gruner identified herself as a commercial loan officer of the plaintiff (first Gruner affidavit). Therein, Gruner stated that GreenPoint had assigned its interest in the note and mortgage to the plaintiff by virtue of an assignment of mortgage dated May 4, 2008, and recorded June 23, 2008, in the Stratford land records, and by "corrective assignment" recorded on March 2, 2009. Attached to that affidavit, however, was only the corrective assignment executed on February 19, 2009 (2009 corrective assignment). The corrective assignment stated it was "effective dated February 29, 2008," but recorded on March 2, 2009.

The defendant objected to the motion for summary judgment on August 27, 2009, arguing that although the plaintiff alleged it had been assigned GreenPoint's interest in the note and mortgage at some juncture, the only evidence provided to the court was that such assignment was recorded March 2, 2009. Thus, the defendant claimed that the plaintiff was not the holder of the note at the time the complaint was filed, October, 2008, which presented a genuine issue of material fact regarding the plaintiff's standing. The defendant argued

that the plaintiff provided no evidence allowing the court to determine that the plaintiff was the holder of the note at the time of the commencement of the action.

On January 15, 2010, the plaintiff filed a supplemental memorandum of law and supplemental affidavit from Gruner in support of the motion for summary judgment (second Gruner affidavit) in which Gruner claimed that the plaintiff had purchased the note on March 17, 2008. Documents substantiating this date of transfer were not attached to the second Gruner affidavit. Gruner also stated that the plaintiff was currently in possession of the original note, and indicated that a true and complete copy of the note and endorsement was appended to the affidavit. That endorsement, however, was undated and provided only that: "without recourse pay to the order of: [the plaintiff]." Finally, the plaintiff also appended the original assignment of mortgage, which had not been attached to the first Gruner affidavit, and that assignment reflected that it had been executed on February 29, 2008, but notarized on May 4, 2007, and recorded on June 23, 2008 (2008 assignment). The plaintiff claimed that this 2008 assignment included a scrivener's error in the notarized date and the 2009 corrective assignment was filed to remedy this error.

On January 22, 2010, the court granted the plaintiff's motion for summary judgment. The court held that there was "no genuine issue of material fact as to whether the plaintiff was the owner and holder of the note at the time of the commencement of the instant foreclosure action."[3] On May 10, 2010, the court rendered judgment of strict foreclosure and set the law day for August 10, 2010.

---

[3] The court cited General Statutes § 49-17 for the proposition that the holder of a negotiable instrument that is secured by a mortgage may foreclose on the mortgage even when the mortgage has not yet been assigned to him. The issue in the present case is not resolved by § 49-17 because the question remains whether the plaintiff was, in fact, the holder of the negotiable instrument at the time the complaint was filed. See *Fleet National Bank* v. *Nazareth*, 75 Conn. App. 791, 795, 818 A.2d 69 (2003) (stating that "General

The defendant appeals the judgment of foreclosure based on the granting of summary judgment as to liability. The defendant claims that it was improper for the court to grant the motion for summary judgment because there is a genuine issue of material fact as to whether the plaintiff owned the note at the time it commenced the action and, thus, lacked standing, thereby depriving the court of subject matter jurisdiction. We conclude that the court improperly rendered judgment without first resolving the issue of standing.

Our resolution of the defendant's appeal is governed by a well established standard of review. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . Moreover, [i]t is a fundamental rule that a court may raise and review the issue of subject matter jurisdiction at any time. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any stage of the proceedings, including on appeal. . . . Once the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case." (Citations omitted; internal quotation marks omitted.) *Ajadi* v. *Commissioner of Correction*, 280 Conn. 514, 532–33, 911 A.2d 712 (2006).

Statutes § 49-17 . . . provides an avenue for the holder of the note to foreclose on the property when the mortgage has not been assigned to him. Our legislature, however, has not passed similar legislation that would give the holder of the mortgage, without having been assigned the note, the ability to foreclose on the property.").

"In determining whether a court lacks subject matter jurisdiction, the inquiry usually does not extend to the merits of the case. . . . Because the elements of subject matter jurisdiction are dependent upon both law and fact . . . in some cases it may be necessary to examine the facts of the case to determine if it is within a general class the court has power to hear. . . . Further, [w]hen issues of fact are necessary to the determination of a court's jurisdiction, due process requires that a trial-like hearing be held, in which an opportunity is provided to present evidence and to cross-examine adverse witnesses." (Citations omitted; internal quotation marks omitted.) *Cross* v. *Hudon*, 27 Conn. App. 729, 733, 609 A.2d 1021 (1992).

The burden of demonstrating that a party has standing to bring an action is on the plaintiff. *Seymour* v. *Region One Board of Education*, 274 Conn. 92, 104, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005). "Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Internal quotation marks omitted.) *Blakeney* v. *Commissioner of Correction*, 47 Conn. App. 568, 574, 706 A.2d 989, cert. denied, 244 Conn. 913, 713 A.2d 830 (1998).

In the present case, the court ruled upon the motion for summary judgment without first resolving the factual issue of when the plaintiff took ownership and control of the note and, thus, whether it had subject matter jurisdiction. This court has recently concluded that when the jurisdiction of the court hinges on a factual determination regarding the plaintiff's status as holder of the note at the time of the commencement of the action, the court must determine the pertinent facts necessary to ascertain whether jurisdiction existed and rule on the issue of standing before addressing the merits of the controversy. *Equity One, Inc.* v. *Shivers*, 125 Conn. App. 201, 206, 9 A.3d 379

(2010); see also *Deutsche Bank National Trust Co.* v. *Bialobrzeski*, 123 Conn. App. 791, 799–800, 3 A.3d 183 (2010); *LaSalle Bank, National Assn.* v. *Bialobrzeski*, 123 Conn. App. 781, 789–90, 3 A.3d 176 (2010). In light of the documents before the court, showing discrepancies as to the date of the transfer of the note, as well as the defendant's argument that the plaintiff had not demonstrated that it was the holder of the note when this complaint was filed, the court improperly formed a legal conclusion without establishing the factual predicate for the court's subject matter jurisdiction. Accordingly, we reverse and remand the case to the trial court for a hearing to ascertain the plaintiff's status as the owner or holder of the subject note at the time the action was commenced, so that the court may properly determine whether it has subject matter jurisdiction.

The judgment is reversed and the case is remanded for an evidentiary hearing consistent with this opinion.

In this opinion the other judges concurred.