### 418 MEADOW STREET ASSOCIATES, LLC *v.* ONE SOLUTION SERVICES, LLC
### (AC 34046)

Gruendel, Beach and Alvord, Js.

---

Argued April 15—officially released July 23, 2013

*William J. Ward*, for the appellant (defendant).

*Andrew M. McPherson*, with whom, on the brief, was *William J. Kupinse, Jr.*, for the appellee (plaintiff).

*Opinion*

BEACH, J. The principal question in this appeal is whether the trial court properly applied the appropriate standard in determining that two members who jointly held a 50 percent interest in the plaintiff 418 Meadow Street Associates, LLC (418 Meadow Street), had standing to initiate this lawsuit on behalf of 418 Meadow Street without the consent of its third member, who held the remaining 50 percent. We reverse the judgment and remand the case to the trial court for further proceedings.

In a prior opinion regarding this controversy, this court set forth the following relevant facts and procedural history. "Barbara Levine and Steven Levine were the original owners of [418 Meadow Street] . . . until [Steven] Levine sold his 50 percent interest to Michael Weinshel and Mark Wynnick, making them joint owners with Barbara Levine. Thus, Weinshel and Wynnick collectively own 50 percent of the company and Barbara Levine owns the remaining 50 percent. On September 3, 2008, Weinshel and Wynnick brought this action on behalf of [418 Meadow Street] to recover damages from the defendant [One Solution Services, LLC] for breach of their lease agreement. On February 26, 2009, the defendant answered the complaint, denying that it breached the agreement. The defendant pleaded by way

of a special defense that [418 Meadow Street] brought the action without the proper authority of [its] members, and, therefore, it lacked standing to maintain the action." *418 Meadow Street Associates, LLC* v. *One Solution Services, LLC*, 127 Conn. App. 711, 712–13, 15 A.3d 1140 (2011).

The court entered a default judgment against the defendant[1] and held a hearing in damages, after which it awarded 418 Meadow Street total damages in the amount of $66,508.40. The defendant, through counsel, filed a motion to "reopen and reargue." The court denied the motion to open the default judgment. The defendant appealed to this court, claiming the court erred in denying its motion to open the default judgment in that the court improperly failed to address standing and to determine if it had subject matter jurisdiction. Id. This court reversed the denial of the defendant's motion to open the default judgment and remanded the case to the trial court to address the defendant's claim as to standing. Id., 718.

On remand, the defendant filed a motion to open and vacate the judgment on the ground that the plaintiff lacked standing. The court noted that the action was brought by two members of 418 Meadow Street, Weinshel and Wynnick, without the consent of the third, Barbara Levine. The court rejected the defendant's claim that the two members of 418 Meadow Street lacked standing to bring the action. Pursuant to its operating agreement, a majority of the ownership interest in 418 Meadow Street was required to authorize expenditures such as legal expenses; consistently, General Statutes

---

[1] The defendant's attorney moved to withdraw, and the court granted him permission to withdraw. At the scheduled trial date, when Steven Levine, one of the defendant's managing members, arrived without counsel, the court rendered a default judgment against the defendant, reasoning that Steven Levine was unable to represent the defendant as a self-represented party and thus, in essence, the defendant failed to appear.

§ 34-142 (a) provides that, unless otherwise stated in the operating agreement, "the approval . . . of a majority in interest . . . shall be required to decide matters related to the business or affairs of a limited liability company." The court observed that General Statutes § 34-187 (b) provides that "[i]n determining the vote required under § 34-142 for purposes of this section, the vote of any member . . . who has an interest in the outcome of the suit that is adverse to that of the limited liability company shall be excluded."

There was no dispute that the dispositive issue was whether Barbara Levine had an interest in the outcome of the present action that was adverse to that of 418 Meadow Street. The defendant's claim was that Barbara Levine's interest was not adverse, and that 418 Meadow Street thus lacked the majority vote necessary to confer standing. The court found that Weinshel and Wynnick brought the present action without the consent of the third member of 418 Meadow Street, Barbara Levine. The court found that although Barbara Levine did not have a proprietary interest in the defendant, she was "an individual who ha[d] an adverse interest in the outcome of this suit . . . ." The court determined that Weinshel and Wynnick had standing to bring the action without Barbara Levine's consent because, pursuant to § 34-187 (b), she had an interest that was adverse to that of the other members of 418 Meadow Street. The court stressed the importance of other actions involving 418 Meadow Street between Barbara Levine and the remaining two members. The court denied the defendant's motion to open and vacate the judgment. This appeal followed.

The defendant claims that the court erred in finding that Weinshel and Wynnick had standing to bring the present action without Barbara Levine's consent because of animosity between her and the other two members of 418 Meadow Street. The defendant argues

that the court's analysis of whether Barbara Levine's interest was "adverse" under § 34-187 (b) was defective because it focused on animosity between Barbara Levine and the other members of 418 Meadow Street, rather than on whether Barbara Levine's interest was adverse to the interest of 418 Meadow Street. We agree.

"A determination regarding a trial court's subject matter jurisdiction is a question of law. . . . When the trial court draws conclusions of law, appellate review is plenary, and the reviewing court must decide whether the trial court's conclusions are legally and logically correct." (Citation omitted.) *Bloom* v. *Dept. of Labor*, 93 Conn. App. 37, 39, 888 A.2d 115, cert. denied, 277 Conn. 912, 894 A.2d 992 (2006).

General Statutes § 34-187 provides: "(a) Except as otherwise provided in an operating agreement, suit on behalf of the limited liability company may be brought in the name of the limited liability company by: (1) Any member or members of a limited liability company, whether or not the articles of organization vest management of the limited liability company in one or more managers, who are authorized to sue by the vote of a majority in interest of the members, unless the vote of all members shall be required pursuant to subsection (b) of section 34-142; or (2) any manager or managers of a limited liability company, if the articles of organization vest management of the limited liability company in one or more managers, who are authorized to sue by the vote required pursuant to section 34-142.

"(b) In determining the vote required under section 34-142 for purposes of this section, the vote of any member or manager who has *an interest in the outcome of the suit that is adverse to the interest of the limited liability company shall be excluded.*" (Emphasis added.)

Under § 34-187, if Barbara Levine's interest in the outcome of the present suit was adverse to that of 418 Meadow Street, her vote properly would have been excluded, and Weinshel and Wynnick would have had standing to bring the present action. In determining whether Barbara Levine's interest was "adverse" under § 34-187 (b), however, the court focused on "the litany of cases involving [418 Meadow Street] which has caused a great deal of animosity between [Barbara] Levine and the two remaining members," as well as other factors which demonstrated animosity between Barbara Levine and the other two members of 418 Meadow Street, rather than on whether her interest in the outcome of the present litigation was adverse to the interest of 418 Meadow Street. According to § 34-187 (b), the appropriate inquiry is whether a member "has an interest in the outcome of the suit that is adverse to the interest of the limited liability company." In *418 Meadow Street Associates, LLC* v. *Clean Air Partners, LLC*, 304 Conn. 820, 43 A.3d 607 (2012), our Supreme Court defined the term "adverse" as used in § 34-187 (b) as follows: "As almost universally defined, 'adverse' means opposed to one's interest. . . . Simply put, the term 'adverse' in § 34-187 (b) encompasses any interest of a member that is contrary or opposed to the limited liability company's interest in the outcome of the litigation." (Citations omitted.) Id., 831–32. We remand the case to the trial court for a factual determination, using the appropriate standards, of whether Barbara Levine's interest in the outcome of the present litigation was adverse to the interest of 418 Meadow Street.

The judgment denying the defendant's motion to open and vacate the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.