******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

U.S. BANK, N.A., TRUSTEE *v.* LESLEY UGRIN ET AL.
(AC 35266)

Bear, Keller and Harper, Js.*

*Argued December 2, 2013—officially released May 27, 2014*

(Appeal from Superior Court, judicial district of
Fairfield, Hartmere, J.)

*David Eric Ross*, for the appellant (named
defendant).

*Benjamin T. Staskiewicz*, for the appellee (plaintiff).

*Opinion*

HARPER, J. The defendant Lesley Ugrin appeals from the judgment of foreclosure by sale rendered in favor of the plaintiff, U.S. Bank, N.A., as trustee.[1] The defendant claims that the court erred by failing to conduct an additional evidentiary hearing, and thereby improperly denied his motion to dismiss. We affirm the judgment of the trial court.

The record contains the following relevant facts and procedural history. On November 1, 2006, the defendant executed a note in the amount of $1,787,500, payable to the order of Chevy Chase Bank, F.S.B. (Chevy Chase Bank), and secured by a mortgage on property at 57 Warner Hill Road in Fairfield. On September 10, 2008, the plaintiff, the then owner of the note, commenced the present action alleging that the note was in default and seeking to foreclose the mortgage securing the note.[2] The court granted the plaintiff's motion for a default judgment for failure to plead, and, on September 21, 2009, the court rendered a judgment of foreclosure by sale. The defendant filed a motion to dismiss on February 10, 2012,[3] arguing that the plaintiff did not have standing to bring the present action, and therefore the court lacked subject matter jurisdiction. On May 2, 2012, the court held a hearing on the motion to dismiss.

At the hearing, the plaintiff presented the court with the original note.[4] The defendant argued that the note had been altered, and, as a result, there was an issue of fact as to whether the plaintiff was the holder of the note at the time the present action was commenced. In support of this claim, the defendant called Maria Tomasky, his stepdaughter and the person who possessed his power of attorney.[5] She testified regarding her contact with the defendant.

Tomasky testified that she received a letter from the law firm of Hunt Leibert Jacobson, P.C. (Hunt), dated April 22, 2008, stating that the firm represented Chevy Chase Bank and that the defendant owed an outstanding balance on the note. Tomasky then requested proof of the debt, and in response, Hunt sent a letter dated July 26, 2008. The caption of the July 26 letter contained the same loan number as in the previous letter, but did not reference Chevy Chase Bank. Instead, the letter stated that it was regarding "U.S. Bank NA as Trustee v. Lesley Ugrin," but the letter did confirm the validity of the debt. Hunt enclosed with the July 26 letter a copy of the note endorsed in blank.[6] Tomasky conceded that she had received this letter, along with a copy of the note endorsed in blank, prior to the commencement of the present action. Furthermore, she stated that she had no evidence that the plaintiff was not the owner of the note when the action was commenced.

In support of its objection to the motion to dismiss, the plaintiff submitted an affidavit from Thaddeus Lari-

mer, an employee of Specialized Loan Servicing, LLC, the loan servicing agent for the plaintiff.[7] Larimer affirmed, on the basis of the servicer's business records, that Chevy Chase Bank specially endorsed the note over to the plaintiff and that the plaintiff was the holder of the note prior to when the present action commenced on September 10, 2008.[8] Attached to the affidavit was a copy of the note. Unlike the copy of the note enclosed with the July 26 letter to Tomasky, however, the copy of the note appended to the Larimer affidavit was specially endorsed to the plaintiff. The defendant argued that this is evidence of an "illegal" alteration because the note was endorsed in blank when it was sent to Tomasky and specially endorsed to the plaintiff in Larimer's records. Therefore, the defendant claimed, genuine issues of fact remained regarding who had the authority to alter the note, and whether the plaintiff was the holder of the note at the time the present action was commenced.[9]

After the defendant raised this argument, the plaintiff requested that the court order supplemental briefing on the issue of whether a note endorsed in blank subsequently could be specially endorsed. The court granted the request from the bench, set a briefing schedule, and the parties filed posthearing memoranda of law. In doing so, the court noted: "[The plaintiff's counsel] has already asked for time to file a supplemental memorandum, which will of course be granted. But we may well be back here. There's a court reporter problem, as everyone is aware . . . . We have a court reporter until 11 a.m. for this legal argument. So counsel are free to take as long as they want, just understand in all likelihood we'll all be back here in any event on this." At approximately 11 a.m., the defendant raised an additional issue regarding whether an accurate property description was attached to the complaint, which he claimed also implicated the court's subject matter jurisdiction.[10] The court stated that this was a new issue and indicated that more time was needed to hear the arguments. The defendant, however, suggested that he "include that [issue] in [his posthearing] brief here, that would give [the plaintiff] the opportunity to respond to it." The court then stated: "You can put that in your brief . . . and [the plaintiff] can reply. And if we need anything else on it, we'll address that when necessary. . . . So I will await the briefs on this matter."

On August 2, 2012, three months after the previous hearing and two months after the posthearing briefs had been filed, the court subsequently denied the defendant's motion to dismiss. The court found that the plaintiff demonstrated that it was the holder of the note. The court specifically found that the defendant failed to present evidence to contradict this finding. The court denied the defendant's motion to reargue his motion to dismiss, and this appeal followed.[11]

On appeal, the defendant claims that the court improperly denied his motion to dismiss for lack of subject matter jurisdiction because it "failed to conduct and complete a full evidentiary hearing on [the matter]." Specifically, the defendant contends that the court erred by failing to conduct an additional evidentiary hearing because (1) the court stated that it was going to conduct a future hearing, and (2) the defendant raised a "material factual dispute" with respect to the plaintiff's standing and therefore was entitled to a second evidentiary hearing. We disagree.

We first address the defendant's argument that the court stated that it was going to hold an additional hearing, and therefore was required to do so. At the hearing on the motion to dismiss, the court noted that the hearing could be cut short because the court reporter was available only until 11 a.m. Around that time, the defendant raised a new issue regarding whether an accurate property description was attached to the complaint. Although the court stated that more time would be needed to argue the issue, the defendant then suggested that the issue could be addressed sufficiently in the parties' posthearing briefs.

After a careful review of the record, we conclude that the court's statements at the evidentiary hearing did not indicate that the court was ordering a subsequent hearing on the matter. On the contrary, the defendant suggested that there was no need for a future hearing because any remaining issues could be addressed sufficiently in posthearing briefs. Because the defendant encouraged the court to rely on the parties' briefs alone without the need for an additional evidentiary hearing, we will not conclude that the court erred by following the defendant's suggestion. See *State* v. *Coward*, 292 Conn. 296, 305 n.12, 972 A.2d 691 (2009) ("[i]t is well established that a party who induces an error cannot be heard to later complain about that error" [internal quotation marks omitted]).

The defendant did request an additional evidentiary hearing in his posthearing brief, arguing that he had raised an issue of fact regarding the plaintiff's standing.[12] He claims on appeal that due to the existence of an issue of fact, the court improperly denied this request to hold a second hearing before determining whether the plaintiff had standing to commence the foreclosure action. "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has . . . some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Citation omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 125, 74 A.3d 1225 (2013). "[S]ub-

ject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it . . . ." (Internal quotation marks omitted.) *Duetsche Bank National Trust Co.* v. *Bialobrzeski*, 123 Conn. App. 791, 798, 3 A.3d 183 (2010). "[W]here a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Internal quotation marks omitted.) Id., 799. "[O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous." (Internal quotation marks omitted.) Id., 795.

Generally, in order to have standing to bring a foreclosure action the plaintiff must, at the time the action is commenced, be entitled to enforce the promissory note that is secured by the property. *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 127; but see *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 318, 71 A.3d 492 (2013) (loan servicer entitled to enforce note pursuant to rights acquired under pooling and servicing agreement). Whether a party is entitled to enforce a promissory note is determined by the provisions of the Uniform Commercial Code, as codified in General Statutes § 42a-1-101 et seq. *Equity One, Inc.* v. *Shivers*, supra, 126. "Under [the Uniform Commercial Code], only a 'holder' of an instrument or someone who has the rights of a holder is entitled to enforce the instrument." Id. When a note is endorsed in blank, any person in possession of the note is a holder and is entitled to enforce the instrument. General Statutes §§ 42a-1-201 (b) (21) (A), 42a-3-205 (b) and 42a-3-301. If an endorsement makes a note payable to an identifiable person, it is a "special endorsement," and only the identified person in possession of the instrument is entitled to enforce the instrument. General Statutes §§ 42a-1-201 (b) (21) (A), 42a-3-205 (a) and 42a-3-301.[13]

The plaintiff's possession of a note endorsed in blank is prima facie evidence that it is a holder and is entitled to enforce the note, thereby conferring standing to commence a foreclosure action. *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 231–32, 32 A.3d 307 (2011). After the plaintiff has presented this prima facie evidence, the burden is on the defendant "to impeach the validity of [the] evidence that [the plaintiff] possessed the note at the time that it commenced the . . . action or to rebut the presumption that [the plaintiff] owns the underlying debt . . . ." Id., 232. The "defendant [must] set up and prove the facts which limit or change the plaintiff's rights." (Internal quotation marks omitted.) Id.

At the hearing on the motion to dismiss, the defendant

argued that there was a factual dispute as to whether the plaintiff was the holder of the note when the present action commenced because the plaintiff did not explain who had the authority to take the note endorsed in blank and specially endorse it over to the plaintiff. According to the defendant, the appearance of a special endorsement on the note raised an issue of fact which required the court to conduct a second evidentiary hearing. We conclude that the May 2, 2012 hearing was sufficient for the court to decide the merits of the defendant's motion to dismiss.

Our Supreme Court recently considered in *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 123–24, whether a full evidentiary hearing was necessary to determine if the plaintiff was the holder of a note and therefore had standing to bring a foreclosure action. In that case, during a hearing on a motion to reopen and reenter the judgment of foreclosure, "the court reviewed a certified copy of the original mortgage . . . and the assignment of the note and mortgage . . . to the plaintiff." Id., 130. At no time did the defendant offer any evidence to support his claim that the plaintiff did not possess the note when the action was commenced. Id., 133. Our Supreme Court concluded that the hearing was adequate for purposes of determining the plaintiff's standing. Id., 136. The court specifically noted that the plaintiff had produced a copy of the original note and an assignment to the plaintiff dated prior to the date the action was commenced. Id., 131. The court also noted that the defendant had failed to present evidence that either refuted the validity of the note or contradicted the evidence that the plaintiff possessed it at the time the action was commenced. Id., 133. We interpret our Supreme Court's holding in *Equity One, Inc.*, to stand for the proposition that a court is not required to order a full evidentiary hearing to determine standing to bring a foreclosure action if, after being presented with the original note, the court finds that there is evidence that the plaintiff possessed the note at the time the action was commenced and the defendant has not offered any evidence to the contrary.

We conclude that the defendant in the present action has not presented any evidence to refute the plaintiff's claim that it was the holder of the note at the time the present action was commenced, and, therefore, the court did not err by failing to hold an additional evidentiary hearing. The plaintiff presented the court with the original note specially endorsed to the plaintiff.[14] The defendant's own evidence demonstrated that the plaintiff possessed the note, endorsed in blank, prior to the commencement of the present action. Tomasky testified that she received a copy of the note endorsed in blank from Hunt before the action was commenced. The letter accompanying the note indicated that it was sent on behalf of the plaintiff. Based on this evidence, it was not clearly erroneous for the court to conclude

that the plaintiff possessed the note endorsed in blank prior to the time the action was commenced.

The defendant's claim that the note was altered when it specifically was endorsed to the plaintiff does not refute the plaintiff's prima facie evidence, and does not create a genuine issue of fact that would affect the plaintiff's standing. A person in possession of a note endorsed in blank is a holder, and therefore is authorized to specially endorse the note. General Statutes §§ 42a-1-201 (b) (21) (A) and 42a-3-205 (c) ("[t]he holder may convert a blank endorsement that consists of only a signature into a special endorsement by writing, above the signature of the endorser, words identifying the person to whom the instrument is made payable") An "alteration," on the other hand, is "an unauthorized change in an instrument that purports to modify in any respect the obligation of a party . . . ." General Statutes § 42a-3-407 (a) (i). Although the endorsement on the note in question has changed, this fact alone is insufficient to demonstrate that the note was altered.[15] Anyone who possessed the note was authorized to specially endorse it. General Statutes § 42a-3-205 (c). For this reason, the defendant's claim that the lack of an explanation for the special endorsement on the note gives rise to an issue of fact requiring an evidentiary hearing must fail. We conclude that the defendant has not presented any evidence that refutes the plaintiff's prima facie showing that it was the holder of the note at the time the action was commenced and therefore had standing to bring the present action.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

* The listing of the judges reflects their seniority status on this court as of the date of oral argument.

[1] The following parties also have interests in the subject property and were named in the complaint as defendants, but are not parties to this appeal: National City Bank, the Department of Revenue Services, and the United States Internal Revenue Service. Throughout this opinion we refer to Ugrin as the defendant.

[2] "Our legislature, by adopting [General Statutes] § 49-17, created a statutory right for the rightful owner of a note to foreclose on real property regardless of whether the mortgage has been assigned to him." *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 230, 32 A.3d 307 (2011). "Section 49-17 codifies the well established common-law principle that the mortgage follows the note . . . ." Id.

[3] The court granted several motions to open the judgment and extend the sale date for reasons not relevant to this appeal.

[4] The defendant does not claim that the plaintiff did not present the original note to the court or that the court did not inspect the note that the plaintiff presented. We presume that the court acted properly by relying on the plaintiff's representations and inspecting the original note when rendering the prior judgment of foreclosure, and before deciding the merits of the defendant's motion to dismiss. See *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 131–33, 74 A.3d 1225 (2013).

[5] Tomasky is an attorney admitted to practice in this state.

[6] The definitions of the terms blank endorsement and special endorsement are relevant to the defendant's claims. "If an endorsement is made by the holder of an instrument . . . and the endorsement identifies a person to whom it makes the instrument payable, it is a 'special endorsement'. When specially endorsed, an instrument becomes payable to the identified person

and may be negotiated only by the endorsement of that person. . . . If an endorsement is made by the holder of an instrument and is not a special endorsement it is a 'blank endorsement'. When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially endorsed." General Statutes § 42a-3-205 (a) and (b).

[7] A loan servicer "communicates with and collects monthly payments from the mortgagors." (Internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 313 n.4, 71 A.3d 492 (2013).

[8] Because the plaintiff does not claim that it is the holder of the note by virtue of a pooling and servicing agreement, but that the note was endorsed to it directly, we disagree with the defendant's claim that any purported agreement needed to be entered into evidence before the court could decide the motion to dismiss. See *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 317–18, 71 A.3d 492 (2013).

[9] The defendant argues that an additional evidentiary hearing was necessary to afford him the opportunity to cross-examine Larimer. We note that the plaintiff filed the Larimer affidavit with its objection to the defendant's motion to dismiss more than two months before the May 2, 2012 hearing, and the defendant does not indicate that he made any unsuccessful discovery requests regarding Larimer during that time. See Practice Book § 13-1 et seq.

[10] The defendant does not pursue this claim on appeal.

[11] The defendant also claims on appeal that the court improperly denied his motion to reargue. We disagree. The defendant's motion to reargue relied largely on this court's opinion in *Equity One, Inc.* v. *Shivers*, 125 Conn. App. 201, 9 A.3d 379 (2010), which subsequently was reversed by our Supreme Court. *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 74 A.3d 1225 (2013). Furthermore, in his motion to reargue, the defendant did not claim that the court misapprehended the facts. "[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts." (Internal quotation marks omitted.) *Chapman Lumber, Inc.* v. *Tager*, 288 Conn. 69, 94 n.28, 952 A.2d 1 (2008). Because the defendant's motion to reargue was based on law that is no longer controlling, we conclude that any error in the court's ruling was harmless, and, therefore, the court's decision to deny the motion was not improper.

[12] In his posthearing reply brief, the defendant stated: "In light of the documents before the court, showing discrepancies as to questionable endorsements, as well as the defendant's arguments that the plaintiff had not demonstrated that it was the holder of the note when this complaint was filed, the defendant respectfully requests a hearing to ascertain the plaintiff's status as the owner or holder of the subject note at the time the action was commenced . . . ."

[13] See also footnote 6 of this opinion.

[14] See footnote 4 of this opinion.

[15] Moreover, we note that the defendant has not pleaded, alleged, or presented any evidence that the note was lost or stolen, and as a result the defendant is not obligated to pay the instrument. See General Statutes § 42a-3-305 (c). The defendant merely asserts that there is no explanation for why the note became specially endorsed, which does not explain why the defendant should be relieved of his obligation to pay the note. He has not, for example, presented the court with evidence that another individual claims that he lost the note or that it was stolen from him, and therefore someone other than the plaintiff is entitled to enforce the note. See General Statutes § 42a-3-309.