DEUTSCHE BANK NATIONAL TRUST COMPANY, TRUSTEE *v.* PAUL BIALOBRZESKI
(AC 29884)

Flynn, C. J., and Bishop and Robinson, Js.*

Argued January 13—officially released September 21, 2010

---

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Paul Bialobrzeski*, pro se, the appellant (defendant).

*Andrew P. Barsom*, for the appellee (plaintiff).

*Opinion*

ROBINSON, J. In this foreclosure action, the pro se defendant, Paul Bialobrzeski, claims that the plaintiff[1] lacked standing to bring the action because it was not in possession of the subject note and mortgage at the time the action was commenced. The resolution of that claim is predicated on a finding of fact that is not part of the record. Our rules of practice require the appellant to provide an adequate record for review. See Practice Book §§ 60-5 and 61-10. Because the record is devoid of a factual finding as to when the plaintiff came into possession of the note, we are unable to review the claim as to the court's subject matter jurisdiction. We therefore reverse the judgment of the trial court and remand the case for further proceedings.

The following procedural history is relevant to the defendant's appeal. On October 22, 2007, the plaintiff caused a writ of summons and complaint to be served on the defendant to foreclose the mortgage on real property located at 254 Slater Road in New Britain. The defendant filed a pro se appearance on November 19, 2007. On December 4, 2007, the plaintiff filed a motion for default for failure to plead, which was granted by

---

[1] The plaintiff is Deutsche Bank National Trust Company as trustee for Long Beach Mortgage Loan Trust 2006-3.

the clerk. On December 13, 2007, the defendant filed an answer[2] and a motion for a continuance to retain counsel. On December 17, 2007, the court, *Domnarski, J.,* opened the default in view of the answer filed by the defendant. On January 22, 2008, the plaintiff filed a motion for summary judgment, claiming that "there are no genuine issues as to any material facts, and therefore moves for [s]ummary [j]udgment as to liability only."[3] The defendant did not file an objection thereto. Summary judgment as to the defendant's liability was granted summarily by the court, *Dunnell, J.,* on February 11, 2008.[4]

On March 17, 2008, the defendant filed a motion for a continuance in which he represented that he had

[2] In his answer, the pro se defendant admitted that he owned the property at 254 Slater Road in New Britain and that on February 28, 2006, he executed and delivered to Long Beach Mortgage Company a note for a loan in the principal amount of $220,000. He also admitted that he is the owner of the equity of redemption in the property and is in possession of the property. The defendant left the plaintiff to its proof as to the remaining allegations of the complaint.

[3] Our review of the file demonstrates that the plaintiff attached copies of the following documents as exhibits to its motion for summary judgment: the defendant's answer, an affidavit signed by Peter Read, an assistant vice president of Washington Mutual Bank, the subject fixed-adjustable rate note—payable to Long Beach Mortgage Company *without an endorsement,* the subject mortgage, the assignment of the mortgage and the notice of intent to accelerate.

In his affidavit, Read attested, among other things, as to the plaintiff's ownership of the mortgage and note as follows: "Said mortgage was thereafter assigned to Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-3 by virtue of an assignment of mortgage recorded in Volume 1725 at Page 1024 of the New Britain Land Records. A true and accurate copy of said assignment is attached hereto as Exhibit C. Plaintiff in this action, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-3, is the owner and holder of said note and mortgage." Significantly, Read does not attest in the affidavit to the date the plaintiff acquired the note.

[4] The defendant did not file a motion asking Judge Dunnell to articulate the basis on which she made the factual determination that there were no genuine issues of material fact and that the plaintiff was entitled to judgment as a matter of law; see Practice Book § 17-49; including the issue of the ownership of the note and mortgage and to whom the defendant was liable.

retained counsel, who was out of the state on business, and that counsel was necessary to articulate the defendant's defenses and to "press forward" his motion for permission to amend his answer and to file special defenses.[5] The plaintiff objected to the motion to amend.[6] On March 27, 2008, the defendant filed a motion to dismiss the action. In a memorandum of law in support of the motion, he stated: "The plaintiff . . . commenced this foreclosure action on October 19, 2007. The plaintiff claims ownership of the mortgage through an assignment dated November 8, 2007 and recorded November 28, 2007. The note submitted as an exhibit contains no endorsement and no date." Judge Domnarski denied the motion to dismiss and sustained the plaintiff's objection thereto. On April 21, 2008, Judge Domnarski rendered judgment of foreclosure by sale, setting a sale date of August 2, 2008. The defendant filed this appeal on May 6, 2008,[7] and thereafter a motion for articulation.

In response to the defendant's motion for articulation seeking the basis of the court's denial of his motion to dismiss, Judge Domnarski articulated: "(1) Summary

[5] The defendant proposed two special defenses. His first special defense is that the plaintiff did not own the mortgage at the time the action was commenced and his second special defense is that Washington Mutual Bank mailed the notice of intent to accelerate to the defendant but had no authority to do so as Long Beach Mortgage Company owned the mortgage at the time.

[6] According to the record, the court never ruled on the motion for permission to amend and the objection thereto.

[7] In its brief, the plaintiff argues that the defendant failed to preserve the issue presented or timely file his appeal because the appeal was not filed within twenty days of the date the trial court denied the motion to dismiss. Generally, the denial of a motion to dismiss is an interlocutory ruling. *Conboy* v. *State*, 292 Conn. 642, 645 n.5, 974 A.2d 669 (2009); but see *Ware* v. *State*, 118 Conn. App. 65, 79, 983 A.2d 853 (2009) (denial of motion to dismiss based on colorable claim of sovereign immunity immediately appealable). The defendant timely filed his appeal within twenty days of the court rendering the judgment of foreclosure by sale. See *Glenfed Mortgage Corp.* v. *Crowley*, 61 Conn. App. 84, 88, 763 A.2d 19 (2000) (foreclosure by sale appealable final judgment).

judgment as to liability had previously been entered against the defendant on February 11, 2008, *Dunnell, J.* [and] (2) The plaintiff alleged in paragraph 4 of the complaint that it is the holder of the note and mortgage. See *Villager Pond, Inc.* v. [*Darien*], 54 Conn. App. 178 [734 A.2d 1031 (1999)]." The defendant did not seek further articulation or file a motion for review in this court. See Practice Book § 66-7.

On appeal, the defendant claims that Judge Domnarski erred "in denying the defendant's [m]otion to [d]ismiss a mortgage foreclosure action in which the [writ of] summons, and complaint had been initiated by a plaintiff which did not own either the note or the mortgage at the time the action was initiated, lacked standing to pursue the foreclosure action, and the trial court lacked subject matter jurisdiction to grant the [m]otion for [f]oreclosure."

We begin by setting forth the appropriate standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . [O]ur review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo. . . . Factual findings underlying the court's decision, however, will not be disturbed unless they are clearly erroneous. . . . The applicable standard of review for the denial of a motion to dismiss, therefore, generally turns on whether the appellant seeks to challenge the legal conclusions of the trial court or *its factual determinations.*" (Citations omitted; emphasis added; internal quotation marks omitted.) *State* v. *Bonner,* 290 Conn. 468, 477–78, 964 A.2d 73 (2009).

We first look to the relevant allegations of the plaintiff's complaint. At paragraph 4, the plaintiff alleged,

in part, "The Plaintiff, Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2006-3, is the holder of said Note and Mortgage." In answering the complaint, the defendant left the plaintiff to its proof as to that allegation. When the plaintiff filed its motion for summary judgment on January 22, 2008, it attached copies of the subject note and mortgage and an assignment of the mortgage. The defendant failed to object to the motion for summary judgment or to submit any evidence that would create a genuine issue of material fact as to when the plaintiff acquired the note. See Practice Book § 17-45. Judge Dunnell granted the motion for summary judgment as to the defendant's liability on February 11, 2008. The defendant did not file a motion to reargue but instead, on March 17, 2008, filed a motion for permission to amend his answer and to file special defenses, including a special defense that the plaintiff did not own the mortgage at the time the action was commenced. On March 27, 2008, the defendant also filed a motion to dismiss the action and in the memorandum of law in support thereof stated that the note submitted in support of the motion for summary judgment contained no endorsement and no date.

Although our review of the file demonstrates that the copy of the note submitted with the motion for summary judgment does not contain an endorsement and is not dated, the defendant has not claimed on appeal that Judge Dunnell improperly granted the plaintiff's motion for summary judgment.[8] Rather, the defendant attacks Judge Domnarski's reliance on Judge Dunnell's ruling on the motion for summary judgment. The substance of the defendant's appellate claim is that the mortgage

---

[8] Even if the defendant had claimed that Judge Dunnell improperly granted the motion for summary judgment, there is no record that Judge Dunnell found that there is no genuine issue of material fact that the plaintiff became the owner of the note prior to the commencement of the action.

was not assigned to the plaintiff until sometime after the action was commenced, and the plaintiff did not own the note at the time it commenced the action.[9] The defendant, however, cannot rely on the date the mortgage was assigned to the plaintiff as proof that the plaintiff did not own the note on the date the action was commenced.

"General Statutes § 49-17 permits the holder of a negotiable instrument that is secured by a mortgage to foreclose on the mortgage even when the mortgage has not yet been assigned to him. . . . The statute codifies the common-law principle of long standing that the mortgage follows the note, pursuant to which only the rightful owner of the note has the right to enforce the mortgage. . . . Our legislature, by adopting § 49-17, has provide[d] an avenue for the holder of the note to foreclose on the property when the mortgage has not been assigned to him." (Citations omitted; internal quotation marks omitted.) *Chase Home Finance, LLC* v. *Fequiere*, 119 Conn. App. 570, 576–77, 989 A.2d 606, cert. denied, 295 Conn. 922, 991 A.2d 564 (2010).

The key to resolving the defendant's claim is a determination of when the note came into the plaintiff's possession. We cannot review the claim because Judge Domnarski made no factual finding as to when the plaintiff acquired the note. Without that factual determination, we are unable to say whether Judge Domnarski

---

[9] The defendant also notes correctly that the copy of the note attached to the motion for summary judgment lacked an endorsement. We have no way of knowing if Judge Dunnell inquired about that before ruling on the motion for summary judgment. In its brief to this court, the plaintiff states that the "original Note bearing endorsement was produced to the trial court at the hearing on April 21, 2008." On April 21, 2008, judgment was rendered. It was not the date on which the plaintiff's motion for summary judgment was decided. Moreover, the endorsement is not proof of the date on which the plaintiff acquired the note.

improperly denied the defendant's motion to dismiss.[10] Although it is the appellant's responsibility to provide an adequate record for review; see Practice Book §§ 60-5 and 61-10; that cannot be the end of the matter because it concerns the trial court's subject matter jurisdiction.

"[S]ubject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it . . . and a judgment rendered without subject matter jurisdiction is void. . . . Further, it is well established that a reviewing court properly may address jurisdictional claims that neither were raised nor ruled on in the trial court. . . . Indeed, [o]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented. . . . The court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) *In re DeLeon J.*, 290 Conn. 371, 376, 963 A.2d 53 (2009). The burden of demonstrating that a party has standing to bring an action is on the plaintiff. *Seymour* v. *Region One Board of Education*, 274 Conn. 92, 104, 874 A.2d 742, cert. denied, 546 U.S. 1016, 126 S. Ct. 659, 163 L. Ed. 2d 526 (2005).

"Trial courts addressing motions to dismiss for lack of subject matter jurisdiction pursuant to [Practice Book] § 10-31 (a) (1) may encounter different situations, depending on the status of the record in the case. As summarized by a federal court discussing motions brought pursuant to the analogous federal rule [i.e., Fed. R. Civ. P. (12) (b) (1)], [l]ack of subject matter jurisdiction may be found in any one of three instances:

---

[10] The defendant did not file any exhibits or transcripts of proceedings in the trial court, if any. We do not know whether any evidence other than the attachments to the plaintiff's motion for summary judgment were presented to either court at the time the motion for summary judgment and the motion to dismiss were decided. The defendant has not claimed that the plaintiff submitted insufficient evidence to determine its ownership of the note.

(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. . . . Different rules and procedures will apply, depending on the state of the record at the time the motion is filed." (Internal quotation marks omitted.) *Conboy* v. *State*, 292 Conn. 642, 650–51, 974 A.2d 669 (2009).

"[I]f the complaint is supplemented by *undisputed facts* established by affidavits submitted in support of the motions to dismiss . . . the trial court, in determining the jurisdictional issue, may consider these supplementary undisputed facts and need not conclusively presume the validity of the allegations of the complaint. . . . [W]here a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 651–52.

In this case, the defendant questioned the plaintiff's standing to bring the foreclosure action at the time the action was commenced. The defendant's motion to dismiss was inspired by the exhibits attached to the plaintiff's motion for summary judgment. The affidavit of Peter Read, an assistant vice president of Washington Mutual Bank, attests to the plaintiff being the holder of the note, but it does not resolve the factual issue as to when the plaintiff acquired the note.[11] See footnote 3 of this opinion. When the question regarding the plaintiff's standing was raised, the court should have held a hearing to determine whether the plaintiff was the owner or holder of the note at the time the action

---

[11] On appeal, the plaintiff has argued, supported by citations to authority, that the holder of a note rightly may foreclose the mortgage. That argument, however, is beside the point. The relevant question is when the plaintiff became the holder.

was commenced. See *Conboy* v. *State*, supra, 292 Conn. 651–52. It is fundamental that appellate courts do not make findings of fact. *Stevenson* v. *Commissioner of Correction*, 112 Conn. App. 675, 683 n.1, 963 A.2d 1077 (when record on appeal devoid of factual findings, improper for appellate court to make its own findings), cert. denied, 291 Conn. 904, 967 A.2d 1221 (2009). The case, therefore, must be remanded to the trial court for a hearing to determine whether the plaintiff was the owner or holder of the subject note at the time the action was commenced. See *Cross* v. *Hudon*, 27 Conn. App. 729, 734, 609 A.2d 1021 (1992) (court improperly failed to conduct evidentiary hearing because jurisdiction hinged on factual determination).

The judgment is reversed and the case is remanded for a hearing on the motion to dismiss.

In this opinion the other judges concurred.