******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEUTSCHE BANK NATIONAL TRUST COMPANY,
TRUSTEE *v.* RODNEY THOMPSON ET AL.
(AC 37362)

Beach, Sheldon and Harper, Js

*Argued January 4—officially released March 22, 2016*

(Appeal from Superior Court, judicial district of
Hartford, Vacchelli, J.)

*Rodney Thompson*, self-represented, the appellant
(named defendant).

*Jordan W. Schur*, for the appellee (substitute plaintiff).

*Opinion*

HARPER, J. In this foreclosure action, the self-represented defendant Rodney Thompson[1] appeals from the judgment of strict foreclosure, rendered in favor of the plaintiff, Deutsche Bank National Trust Company, as trustee.[2] On appeal, the defendant claims, among other things, that the plaintiff lacked standing to bring this action because it was not in possession of the subject note at the time the action was commenced.[3] Because the resolution of this claim is dependent upon a factual finding that is not part of the appellate record, and because this claim implicates the subject matter jurisdiction of the trial court, we are unable to review the merits of this appeal. We therefore reverse the judgment of the trial court and remand the case for further proceedings.

The following facts and procedural history guide our analysis. On January 25, 2007, the defendant executed a fixed-rate balloon note in favor of New Century Mortgage Company in exchange for a loan in the principal amount of $213,600 to purchase real property in West Hartford. On March 9, 2009, the plaintiff commenced foreclosure proceedings against the defendant. In paragraph four of the plaintiff's complaint, it alleged that the defendant executed and delivered a mortgage to Mortgage Electronic Registration Systems, Inc. (MERS), that MERS assigned said mortgage to the plaintiff, and that the plaintiff is the holder of said mortgage and the note securing the mortgage.[4]

On August 18, 2009, the plaintiff filed a motion for default for failure to plead, which was granted by the clerk. The defendant never filed a motion to open judgment following entry of default, nor did he ever move to set aside the default. Also on August 18, 2009, the plaintiff filed a motion for judgment of strict foreclosure. The motion for judgment of strict foreclosure was granted by the court, *Vacchelli, J.*, but not until September 16, 2013—more than four years after it was filed. The reasons for delay were that the parties underwent lengthy foreclosure mediation and the defendant attempted to remove the case to federal court.

On November 6, 2013, the defendant filed a petition in bankruptcy under chapter 7 of the United States Code in the United States Bankruptcy Court for the District of Connecticut. On April 16, 2014, the bankruptcy court, Dabrowski, J., issued a discharge of debtor order pursuant to 11 U.S.C. § 727. The plaintiff subsequently filed a motion to open judgment and reset the law days on August 22, 2014. This motion was granted by the court, *Vacchelli, J.*, on September 22, 2014. The court did not file a memorandum of decision with either the initial September 16, 2013 judgment of strict foreclosure or the September 22, 2014 order opening the judgment and setting new law days, and no transcript of

any proceedings before the trial court was filed with this court. This appeal followed.

On appeal, the defendant challenges the plaintiff's standing to bring the present foreclosure action. Specifically, the defendant claims that the plaintiff did not own or hold the subject note when it filed the foreclosure complaint, and that the defendant's mortgage lien—which the defendant claims is invalid—did not survive the bankruptcy proceedings. The plaintiff responds that the record is inadequate for review. The plaintiff further argues that because it alleged that it was the holder of the note, and because the defendant failed to plead and was defaulted, the defendant has admitted these crucial jurisdictional allegations and cannot challenge them on appeal.

"We begin our analysis with the subject matter jurisdiction claim and the applicable standard of review. . . . Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . [T]his court has often stated that the question of subject matter jurisdiction, because it addresses the basic competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Citations omitted; internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 441–42, 870 A.2d 448 (2005). "A court does not have subject matter jurisdiction to hear a matter unless the plaintiff has standing to bring the action." *Western Boot & Clothing Co.* v. *L'Enfance Magique, Inc.*, 81 Conn. App. 486, 488, 840 A.2d 574, cert. denied, 269 Conn. 903, 852 A.2d 737 (2004).

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . [When] a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause. . . . We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary. . . . In addition, because standing implicates the court's subject matter jurisdiction, the issue of standing is not subject to waiver and may be raised at any time." (Citations omitted; internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 125–26, 74 A.3d 1225 (2013).

It is well established that "the holder of a note has standing to bring an action for strict foreclosure . . . ." *Mengwall* v. *Rutkowski*, 152 Conn. App. 459, 463, 102 A.3d 710 (2014); see also *Fleet National Bank* v. *Nazareth*, 75 Conn. App. 791, 794–95, 818 A.2d 69 (2003)

(plaintiff who held mortgage but not note lacked standing to institute foreclosure proceedings). "[A] holder of a note is presumed to be the owner of the debt, and unless the presumption is rebutted, may foreclose the mortgage under [General Statutes] § 49-17. The possession by the bearer of a note [e]ndorsed in blank imports prima facie that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity. The production of the note establishes his case prima facie against the makers and he may rest there." (Internal quotation marks omitted.) *Equity One, Inc.* v. *Shivers*, supra, 310 Conn. 135.

If the plaintiff did not hold the note at the time it commenced this action, then it would have lacked standing and the case must be dismissed. The key question for us to resolve, therefore, is when the note came into the plaintiff's possession. We cannot answer this question for two reasons. First, after a thorough review of the record, we conclude that it contains no documents demonstrating when the plaintiff came to hold or own the note. The only note in the record before us is the fixed-rate balloon note. This note is payable to the original lender, New Century Mortgage Company, and contains no endorsement. Although the record contains documents memorializing the assignment of the mortgage from MERS to the plaintiff, there are no assignment documents with respect to the note. Thus, the record provides no clues as to when, if ever, the plaintiff acquired the note. Second, the trial court made no factual finding as to when the plaintiff acquired the note. No memorandum of decision accompanies the court's judgment of strict foreclosure or order on the plaintiff's motion to open judgment and reset the law days.[5] Additionally, no transcript of any hearing in which the court might have made such a finding has been provided for our review. At oral argument before this court, the plaintiff's counsel asserted that in order to be entitled to a judgment of strict foreclosure, the note would have had to have been presented to the trial court and, therefore, the note must have been presented in the present case. We have no evidence before us that this occurred. Because the record lacks a crucial jurisdictional finding by the trial court, and further contains no evidence of when the plaintiff acquired the note, we cannot review whether the plaintiff lacked standing to commence this action.

This court's holding in *Deutsche Bank National Trust Co.* v. *Bialobrzeski*, 123 Conn. App. 791, 3 A.3d 183 (2010), is instructive to our analysis. The plaintiff in that case brought an action against the self-represented defendant to foreclose a mortgage on real property in New Britain. The plaintiff filed a motion for default for failure to plead, which was granted by the clerk. Id., 792–93. The defendant subsequently answered, leaving the plaintiff to its proof with respect to its allegation

that it was the holder of the note and mortgage. Id., 793 and n.2. As a result of the defendant's answer, the court opened the default. Id., 793.

The plaintiff in *Bialobrzeski* subsequently filed an unopposed motion for summary judgment, which was granted as to liability only. Id. Among the documents submitted by the plaintiff in support of its motion for summary judgment was a fixed-adjustable rate note, which was payable to the original lender, Long Beach Mortgage Company. Id., 793 n.3. This note *was not endorsed.* Id. Subsequently, the defendant filed a motion to dismiss, arguing that the note contained no endorsement and no date. Id., 796. The trial court denied the defendant's motion to dismiss. Id., 794.

On appeal, the defendant in *Bialobrzeski* claimed that the plaintiff was not in possession of the subject note at the time the action was commenced. Id., 792. This court noted that "[t]he key to resolving the defendant's claim is a determination of when the note came into the plaintiff's possession." Id., 797. Ultimately, this court held that "[w]e cannot review the claim because [the trial court] made no factual finding as to when the plaintiff acquired the note. Without that factual determination, we are unable to say whether [the trial court] improperly denied the defendant's motion to dismiss." Id., 797–98. Noting that "appellate courts do not make findings of fact"; id., 800; this court ruled that "[w]hen the question regarding the plaintiff's standing was raised, the [trial] court should have held a hearing to determine whether the plaintiff was the owner or holder of the note at the time the action was commenced." Id., 799–800.

The record in the present case is likewise devoid of an endorsed note and a factual finding by the trial court concerning if and when the plaintiff acquired the note. The plaintiff nevertheless argues that the defendant cannot challenge the plaintiff's standing because the defendant failed to set aside the default judgment. In the plaintiff's view, because it alleged that it held the note, and because a default judgment was rendered in its favor, its status as holder of the note has been conclusively established and cannot be challenged by the defendant on appeal. We disagree. "A default admits the material facts that constitute a cause of action . . . and entry of default, when appropriately made, *conclusively determines the liability of a defendant.*" (Emphasis altered; internal quotation marks omitted.) *Whitaker* v. *Taylor*, 99 Conn. App. 719, 725, 916 A.2d 834 (2007). Although it is established that entry of default conclusively establishes the *liability* of a defendant, the plaintiff offers no authority to support its position that entry of default conclusively establishes the *subject matter jurisdiction* of the court. Moreover, we disagree with this position because it essentially posits that a party can waive a subject matter jurisdiction challenge

by virtue of a pleading deficiency, namely, a failure to reply to jurisdictional allegations during the pleading stage. This is wholly unsupportable because "[a] subject matter jurisdictional defect may not be waived . . . [or jurisdiction] conferred by the parties, explicitly or implicitly." (Internal quotation marks omitted.) *Kleen Energy Systems, LLC* v. *Commissioner of Energy & Environmental Protection*, 319 Conn. 367, 380–81, 125 A.3d 905 (2005).

Additionally, we reject the plaintiff's argument that an inadequate record precludes our review of its standing. "The duty to provide this court with a record adequate for review rests with the appellant. . . . It is incumbent upon the appellant to take the necessary steps to sustain its burden of providing an adequate record for appellate review. Practice Book § [60-5]. . . . It is not the function of this court to find facts. . . . Our role is . . . to review claims based on a complete factual record developed by a trial court. . . . Without the necessary factual and legal conclusions furnished by the trial court . . . any decision made by us respecting [the defendant's claims] would be entirely speculative." (Internal quotation marks omitted.) *Macricostas* v. *Kovacs*, 67 Conn. App. 130, 133, 787 A.2d 64 (2001). Even if we were to accept that the record is inadequate, we are not foreclosed from considering the standing issue. To begin with, although it is indeed the burden of the defendant, as the appellant, to provide an adequate record for review, it is "[t]he plaintiff [who] bears the burden of proving subject matter jurisdiction, whenever and however raised." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 430 n.12, 829 A.2d 801 (2003). In *Bialobrzeski*, a case with similar facts and circumstances, this court held that "[a]lthough it is the appellant's responsibility to provide an adequate record for review; see Practice Book §§ 60-5 and 61-10; that cannot be the end of the matter because [whether a bank acquired a note before the commencement of a foreclosure action] concerns the trial court's subject matter jurisdiction." *Deutsche National Bank Trust Co.* v. *Bialobrzeski*, supra, 123 Conn. App. 798. On the basis of the foregoing analysis, we, like the court in *Bialobrzeski*, are unable to review the defendant's subject matter jurisdiction claim.

The judgment is reversed and the case is remanded for a determination of the jurisdictional issue and for further proceedings according to law.

In this opinion the other judges concurred.

[1] Also named as a defendant in this action was Mortgage Electronic Registration Systems, Inc., but it did not participate in this appeal. We refer to Thompson as the defendant.

[2] The trial court granted the plaintiff's motion to substitute Deutsche Bank National Trust Company as Trustee for the Registered Holders of Morgan Stanley ABS Capital I, Inc., Trust 2007-NC4 Mortgage Pass-Through Certificates, Series 2007-NC4, as the party plaintiff. We refer to the substitute plaintiff as the plaintiff in this opinion.

[3] The defendant raised a number of additional claims on appeal, including claims that the mortgage was discharged in bankruptcy and that his due process rights were violated. Because we conclude that we are unable to review the defendant's subject matter jurisdiction claim, we do not address these additional claims.

[4] Although the plaintiff alleged that it was the holder of the mortgage as of the filing of the complaint in March, 2009, the assignment of mortgage between it and MERS is dated June 24, 2009. At oral argument before this court, the plaintiff's counsel conceded that the mortgage had not been assigned to the plaintiff until after the complaint was filed.

[5] The court made a number of factual findings in granting the motion to open judgment and reset the law days, such as the balance of the debt and the property's fair market value, but none concerning the plaintiff's status as holder of the note.

_____