******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DITECH FINANCIAL, LLC *v.* MAUD
JOSEPH ET AL.
(AC 41702)

Lavine, Keller and Harper, Js.

*Syllabus*

The plaintiff, D Co., sought to foreclose a mortgage on certain real property
of the defendant J. Thereafter, M Co. was substituted as the plaintiff
and J was defaulted for failure to plead. The trial court subsequently
rendered judgment of strict foreclosure in favor of M Co., from which
J appealed to this court. On appeal, J claimed, inter alia, that D Co. lacked
standing to commence this action because at the time it commenced
this action it did not hold the note and had no interest in the note. *Held*
that because the resolution of J's jurisdictional claim was dependent on
disputed factual findings that could not be resolved due to an inadequate
appellate record, and because that claim implicated the subject matter
jurisdiction of the trial court, this court was unable to review the merits
of the appeal and the matter was remanded for a determination of the
jurisdictional issue and for further proceedings according to law; in
order to resolve J's standing challenge, this court had to determine if
D Co. was the holder of the note or had the authority to enforce the
note on behalf of another party in interest at the time this action was
commenced, but the only indication in the record that the court reviewed
the note was in its order granting M Co.'s motion for a judgment of
strict foreclosure, in which it stated, in one sentence, that the original
note and mortgage documents had been reviewed and were found to
be in order, that statement was called into question by M Co. in its brief
to this court, and, thus, this court was unable to verify what was in fact
presented to and reviewed by the trial court, as there were no other
findings in the record made by the trial court pertaining to standing, or
even a copy of the note or a lost note affidavit referenced by M Co., nor
did either party present this court with any transcript of any proceeding
during which the court may have made findings or explained what it
reviewed, and although D Co. attached to its motion to substitute party
plaintiff a copy of its assignment of the mortgage to M Co. and a limited
power of attorney document pertaining thereto, there were no docu-
ments that shed light on M Co.'s claimed right to enforce the note.

Argued May 13—officially released September 17, 2019

*Procedural History*

Action to foreclose a mortgage on certain real prop-
erty of the named defendant et al., and for other relief,
brought to the Superior Court in the judicial district of
Fairfield; thereafter, MTGLQ Investors, L.P., was substi-
tuted as the plaintiff; subsequently, the named defen-
dant was defaulted for failure to plead; thereafter, the
court, *Hon. Alfred J. Jennings, Jr.*, judge trial referee,
granted the motion filed by the substitute plaintiff for
a judgment of strict foreclosure and rendered judgment
thereon, from which the named defendant appealed to
this court. *Reversed; further proceedings.*

*Maud Joseph*, self-represented, the appellant
(named defendant).

*Benjamin T. Staskiewicz*, for the appellee (substi-
tute plaintiff).

*Opinion*

KELLER, J. The self-represented defendant, Maud Joseph, appeals from the judgment of strict foreclosure rendered by the trial court in favor of the plaintiff, MTGLQ Investors, L.P. (MTGLQ).[1] On appeal, the defendant claims that the court (1) lacked subject matter jurisdiction because the named plaintiff, Ditech Financial, LLC (Ditech), lacked standing to commence this action, (2) improperly granted Ditech's motion to substitute, (3) lacked authority to render a judgment of strict foreclosure, and (4) improperly denied her motion for reargument. Because the resolution of the defendant's first claim as to standing is dependent on disputed factual findings that cannot be resolved due to an inadequate appellate record, and because this claim implicates the subject matter jurisdiction of the trial court, we are unable to review the merits of this appeal. We therefore reverse the judgment of the trial court and remand the case for further proceedings.

We briefly set forth the procedural history and facts relevant to this appeal. On October 27, 2016, Ditech commenced this action alleging that the defendant and Manita Cenat (Cenat) executed and delivered to Countrywide Bank, FSB, a note for a loan in the principal amount of $140,000 (note). To secure the note, Ditech alleged that the defendant and Cenat executed a mortgage dated December 12, 2007, for property located at 116 North Bishop Avenue in Bridgeport. Ditech alleged that it was the holder of the note and that the note was in default. Accordingly, it elected to accelerate the balance due, declared the balance due in full, and sought to foreclose the mortgage securing the note.

On May 11, 2017, the defendant and Cenat filed jointly a motion to dismiss arguing that the court lacked personal jurisdiction over them because service of process was not properly effectuated. By order dated June 7, 2017, the court denied the defendant's motion. The court concluded that the defendant had not sustained her burden of overcoming the presumption of the truth of the facts stated in the return of service attested to by the marshal.

As discussed in footnote 1 of this opinion, Ditech filed a motion to substitute MTGLQ as the plaintiff on June 22, 2017, representing that it had assigned the subject mortgage deed and note, including the cause of action, to MTGLQ. The defendant filed an objection to Ditech's motion to substitute arguing, inter alia, that the assignment was not made while the action was pending and that Ditech lacked standing in the first instance. The court granted Ditech's motion on July 13, 2017. In addressing the defendant's objection, it concluded that the assignment took place thirty-nine days after this action commenced and, thus, it overruled the defendant's objection. The court did not address the

defendant's standing argument and stated: "Defendant's challenge to Ditech Financial's standing to commence this action is not properly raised in an objection to motion to substitute. See Practice Book § 10-30."

On September 22, 2017, the plaintiff filed a motion for default for failure to plead arguing that the defendant and Cenat had failed to plead within the time required by Practice Book § 10-8. That same day, the plaintiff filed a motion for judgment of strict foreclosure.

On September 29, 2017, pursuant to Practice Book § 10-35, both the defendant and Cenat filed requests to revise the plaintiff's complaint. The plaintiff filed an objection to the requests of the defendant and Cenat to revise on October 5, 2017. On October 23, 2017, the court sustained all of the plaintiff's objections.

On November 22, 2017, despite the defendant having filed her request to revise, which is a responsive pleading,[2] on September 29, 2017, the clerk granted the plaintiff's September 22, 2017 motion for default for failure to plead against the defendant and Cenat.

On March 6, 2018, the defendant and Cenat jointly filed a motion to strike requesting that the court strike the plaintiff's prayer for relief and the notice attached thereto. The court denied the motion to strike on March 12, 2018.

On March 12, 2018, the defendant and Cenat filed an objection to the plaintiff's motion for strict foreclosure arguing that no default had entered and no summary judgment had been obtained. Additionally, they argued that their March 6, 2018 motion to strike was a responsive pleading.

On that same day, the court granted the plaintiff's motion for a judgment of strict foreclosure setting the law day for July 17, 2018. On April 2, 2018, the defendant and Cenat filed a motion to reargue the court's order granting the plaintiff's motion for a judgment of strict foreclosure on the basis of the default for failure to plead, arguing that the court misapprehended the fact that the defendant and Cenat had filed a responsive pleading to the complaint before the hearing on the motion for a judgment of strict foreclosure and overlooked General Statutes § 52-121.[3] The plaintiff filed an objection to the motion for reargument.

On May 8, 2018, the court denied the motion to reargue. In its order, the court stated: "Motion for Reargument of Motion for Judgment of Strict Foreclosure is denied. The motion to strike filed on March 6, 2018 was ineffective because the defendants were in default status when the motion to strike was filed, having been defaulted for failure to [plead] on November 22, 2017. The motion to strike did not automatically open the defaults because the plaintiff had previously moved for judgment of strict foreclosure on September 22, 2017. Practice Book § 17-32 (b). The court had the authority

to act on the motion to strike on March 12, 2018 even though it was not on the short calendar for that day. Practice Book § 10-40 (b). The motion to strike was frivolous and obviously filed solely for purposes of delay." This appeal followed.[4]

On appeal, the defendant argues that the court lacked subject matter jurisdiction over this action because Ditech lacked standing. In particular, the defendant argues that Ditech was not the holder of the note and had no interest in the note at the time it commenced this action. The defendant essentially argues that the loan was serviced by Ditech but owned by Fannie Mae, which allegedly sold the loan to MTGLQ in June, 2016, prior to the commencement of this action. The defendant, therefore, argues that Ditech lacked standing to bring this action and, thus, the court's substitution of MTGLQ as party plaintiff also was improper.

The plaintiff argues that the court did not lack subject matter jurisdiction. It contends that Ditech was the servicer of the loan through the commencement of this action and was the mortgagee of record and, therefore, was the party entitled to enforce the note and mortgage when this action was commenced. The plaintiff further contends that the trial court made the necessary findings establishing that Ditech and, thus, MTGLQ, has standing in this case. We do not agree.

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [it] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy. . . . Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause." (Citation omitted; internal quotation marks omitted.) *J.E. Robert Co.* v. *Signature Properties, LLC*, 309 Conn. 307, 318, 71 A.3d 492 (2013).

"Generally, in order to have standing to bring a foreclosure action the plaintiff must, at the time the action is commenced, be entitled to enforce the promissory note that is secured by the property. . . . The plaintiff's possession of a note endorsed in blank is prima facie evidence that it is a holder and is entitled to enforce the note, thereby conferring standing to commence a foreclosure action. . . . After the plaintiff has presented this prima facie evidence, the burden is on the defendant to impeach the validity of [the] evidence that [the plaintiff] possessed the note at the time that it commenced the . . . action or to rebut the presumption that [the plaintiff] owns the underlying debt." (Internal quotation marks omitted.) *Citibank, N.A.* v. *Stein*, 186 Conn. App. 224, 243, 199 A.3d 57 (2018), cert. denied, 331 Conn. 903, 202 A.3d 373 (2019); see *Equity One, Inc.* v. *Shivers*, 310 Conn. 119, 135, 74 A.3d 1225 (2013) ("[a] holder of a note is presumed to be the owner

of the debt, and unless the presumption is rebutted may foreclose the mortgage under [General Statutes] § 49-17" [internal quotation marks omitted]).

In the present case, if Ditech did not hold the note or did not have authority to enforce the note and mortgage at the commencement of this action; see *J.E. Robert Co.* v. *Signature Properties, LLC*, supra, 309 Conn. 327–28 ("a loan servicer need not be the owner or holder of the note and mortgage in order to have standing to bring a foreclosure action if it otherwise has established the right to enforce those instruments"); then it lacked standing, thus depriving the trial court of subject matter jurisdiction and requiring a dismissal of the plaintiff's action. In resolving the defendant's challenge to the plaintiff's standing in this case, we must determine if Ditech was the holder of the note or had the authority to enforce the note on behalf of another party in interest at the time this action was commenced. On the basis of our review of the record before us, we conclude that we are unable to review the defendant's jurisdictional claim because the record is inadequate for us to do so. See *Deutsche Bank National Trust Co.* v. *Thompson*, 163 Conn. App. 827, 832–33, 136 A.3d 1277 (2016) (concluding that record on appeal was inadequate to review jurisdictional claim); see also *Deutsche Bank National Trust Co.* v. *Bialobrzeski*, 123 Conn. App. 791, 799–800, 3 A.3d 183 (2010).

In *Deutsche Bank National Trust Co.* v. *Thompson*, supra, 163 Conn. App. 827, this court addressed a similar claim. In that case, a defendant challenged for the first time on appeal the plaintiff's standing to bring the underlying foreclosure action. Id., 831. This court concluded ultimately that the record was inadequate to review the jurisdictional claim. Id., 836. We noted, inter alia, that there was no indication in the record that the plaintiff ever presented the court with the note, that no other factual findings were in the record that the plaintiff was the holder of the note at the commencement of the action, and that no transcript of any hearing was provided by the parties for this court's review. Id., 832–33. In the light of the inadequacies of the record, this court reversed the judgment of the trial court and remanded the case for a determination of the jurisdictional issue and for further proceedings according to law.[5] Id., 836.

As in *Thompson*, the record before us contains similar deficiencies. In particular, the only indication in the record that the court reviewed the note was in its order granting the plaintiff's motion for judgment of strict foreclosure. The court stated in one sentence: "Original Note and Mortgage documents have been reviewed and are found to be in order." The court's statement, however, is called into question by the plaintiff in its appellate brief. Therein, the plaintiff states in relevant part

that "[i]t is believed that the trial court's order should have referenced . . . an original Lost Note Affidavit with [a] copy of [the] Note endorsed in blank . . . instead of the words 'Original Note' to avoid any factual discrepancy as to what was actually reviewed by the trial court at the judgment hearing." On the basis of the record before us, however, we are unable to verify what was in fact presented to and reviewed by the court.

We have not found in the record any other findings made by the trial court pertaining to the plaintiff's standing, or even a copy of the note or lost note affidavit referenced by the plaintiff. Nor has either party presented this court with any transcript of any proceeding during which the court may have made particular findings or explained what it reviewed. Although Ditech attached to its motion to substitute party plaintiff a copy of its assignment of the mortgage to the plaintiff and a limited power of attorney document pertaining thereto, there are no documents that shed light on the plaintiff's claimed right to enforce the note.

In addressing the defendant's standing claim, the plaintiff directs our attention to this court's decision in *Deutsche Bank National Trust Co.* v. *Cornelius*, 170 Conn. App. 104, 107, 154 A.3d 79, cert. denied, 325 Conn. 922, 159 A.3d 1171 (2017), stating that this court "dealt with a similar jurisdictional issue as raised in *Thompson* but found that the facts in that case were able to establish [the] plaintiff's standing through the trial court record . . . ." The plaintiff appears to cite *Cornelius* in an attempt to demonstrate that the record in the present case is adequate for our review of the defendant's jurisdictional claim. Our review of *Cornelius*, however, discloses that the deficiencies present in the record before us, and in *Thompson*, were not present in that case. As this court stated in *Cornelius*: "The plaintiff produced the note, the mortgage, and the dated assignments of the note and mortgage at the December 15, 2015 hearing. After reviewing these documents and discussing them with the parties, the court found on the record that the plaintiff possessed the note prior to the commencement of the foreclosure action. The defendant did not offer any evidence that the note presented by the plaintiff was invalid or that the plaintiff did not possess the note when it commenced the foreclosure action." Id., 114. This court made clear that the record before it expressly reflected that the trial court carefully reviewed the note and mortgage documents. Id., 111.

The record in the present case, however, does not clearly reflect what the court reviewed. In particular, the plaintiff's statement in its appellate brief that it believed that the trial court's order should have referenced an original lost note affidavit with a copy of the note endorsed in blank instead of the words "Original Note" to avoid any factual discrepancy, calls into ques-

tion what the court in fact reviewed. Additionally, this court has not been presented with a record containing a copy of any note or lost note affidavit that the court may have reviewed. It is evident that the facts of the present case are more akin to *Thompson* than they are to *Cornelius*. As such, we conclude, like the court in *Thompson*, that we are unable to review the defendant's jurisdictional claim on the record before us.

The judgment is reversed and the case is remanded for a determination of the jurisdictional issue and for further proceedings according to law.

In this opinion the other judges concurred.

[1] In its complaint, the named plaintiff, Ditech Financial, LLC (Ditech), also named Manita Cenat as a defendant. Cenat, however, is not participating in this appeal. Thus, any reference to the defendant in this opinion is solely to Maud Joseph.

Additionally, Ditech is no longer a party to this action. On June 22, 2017, Ditech filed a motion to substitute MTGLQ as the plaintiff, representing that it had assigned the subject mortgage deed and note, including the cause of action, to MTGLQ. This motion was granted by the court on July 13, 2017. Accordingly, any reference to the plaintiff in this opinion is to MTGLQ.

[2] Practice Book § 10-6, titled "Pleadings Allowed and Their Order," provides: "The order of pleading shall be as follows: (1) The plaintiff's complaint. (2) The defendant's motion to dismiss the complaint. (3) The defendant's request to revise the complaint. (4) The defendant's motion to strike the complaint. (5) The defendant's answer (including any special defenses) to the complaint. (6) The plaintiff's request to revise the defendant's answer. (7) The plaintiff's motion to strike the defendant's answer. (8) The plaintiff's reply to any special defenses."

[3] General Statutes § 52-121 (a) provides: "Any pleading in any civil action may be filed after the expiration of the time fixed by statute or by any rule of court until the court has heard any motion for judgment by default or nonsuit for failure to plead which has been filed in writing with the clerk of the court in which the action is pending."

[4] After the defendant filed the present appeal, the trial court, *Hon. Alfred J. Jennings*, *Jr.*, judge trial referee, issued further articulations relating to its denial of the defendant's motion to strike and the court's rendering of a judgment of strict foreclosure. The court additionally articulated its decision when it addressed the plaintiff's motion to terminate the appellate stay, which was denied on December 7, 2018.

[5] This court in *Thompson* also rejected the plaintiff's argument that an inadequate record precludes this court's review of the plaintiff's standing. *Deutsche Bank National Trust Co.* v. *Thompson*, supra, 163 Conn. App. 835. We stated that "although it is indeed the burden of the defendant, as the appellant, to provide an adequate record for review, it is [t]he plaintiff [who] bears the burden of proving subject matter jurisdiction, whenever and however raised." (Internal quotation marks omitted.) Id., 836.